FILED
Scott L. Poff, Clerk
United States District Court

*By casbell at 11:54 am, Mar 24, 2020*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

STEPHEN MAYER,

    Petitioner,

v.

T. JOHNS; THE GEO GROUP, INC.; and
UNITED STATES OF AMERICA,

    Respondents.

CIVIL ACTION NO.: 5:20-cv-28

## **ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Stephen Mayer ("Mayer"), who is currently housed at D. Ray James Correctional Facility in Folkston, Georgia, submitted a cause of action entitled and which was filed as a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. Doc. 1. For the reasons which follow, I **RECOMMEND** the Court **DISMISS without prejudice** Mayer's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Mayer *in forma pauperis* status on appeal.[1] I **DENY as moot** Mayer's Motions for

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A magistrate judge's report and recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Mayer his suit is due to be dismissed. As indicated below, Mayer will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

Leave to Proceed *in Forma Pauperis* in this Court and his Motion to File Exhibits Under Seal. Docs. 2, 4, 5.

## DISCUSSION

In his Petition, Mayer asserts he filed a motion with the Middle District of Florida, the court which sentenced him, to challenge the decision to transfer him to D. Ray James Correctional Facility. Doc. 1 at 2. Mayer contends he was housed at a Bureau of Prisons' ("BOP") facility before his transfer to this contractor facility, and the conditions of confinement between these facilities is so "varied, [he] claimed he had effectively been resentenced without due process." Id. at 3. The Middle District of Florida court denied Mayer's motion and advised him to address his claims as a challenge to the conditions of his confinement and to file grievances at D. Ray James. Id. Although Mayer states he has appealed this decision, he also states he began filing grievances at D. Ray James. Mayer alleges he filed this Petition to ask the Court to intervene to prevent further retaliatory action by staff at D. Ray James. Id.

Mayer contends he was assigned to work in the prison law library on February 5, 2020, and he filed 12 grievances protesting his treatment and the conditions of his confinement over the course of the next two days. Id. at 3–4. In addition, Mayer states he began directing his grievances directly to Tracy Johns, the Warden, on February 17, 2020. Id. at 4. Mayer states he was told on February 19, 2020 he was no longer assigned or permitted to work in the library, and the counselor was unable to give him a reason why this decision was made. Id. at 5. Mayer filed his Petition on February 28, 2020. Doc. 1. He maintains he "is entitled to reach out to the Court immediately to seek redress[]" since he claims retaliation. Id. at 4. In addition, Mayer avers he told his counselor he needed law library access for his grievances and "other active interests in

the courts." Id. at 5.  Mayer wants to be reinstated to work in the law library and asks the Court to order officials to stop retaliating against him.  Id. at 10.

I. **Whether Mayer can Pursue <u>Bivens</u> Claims Through his Habeas Petition**

Mayer claims he is being retaliated against, in violation of the First Amendment.  Doc. 1.  However, Mayer cannot bring any such claims in his § 2241 Petition.  Rather, Mayer's claims should ordinarily be brought pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).  The distinction between claims which may be brought under <u>Bivens</u> and those which must be brought as habeas petitions is reasonably well-settled.  Claims in which prisoners challenge the circumstances of their confinement are civil rights actions, not habeas corpus actions.  <u>See, e.g.</u>, <u>Hill v. McDonough</u>, 547 U.S. 573, 579 (2006); <u>Gorrell v. Hastings</u>, 541 F. App'x 943, 945 (11th Cir. 2013).  Habeas actions, in contrast, explicitly or by necessary implication, challenge a prisoner's conviction or the sentence imposed on him by a court (or under the administrative system implementing the judgment).  <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973).  For example, when a prisoner makes a claim that, if successful, could shorten or invalidate his term of imprisonment, the claim must be brought as a habeas petition, not as a civil rights claim.  <u>See, e.g.</u>, <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997); <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

Mayer cannot bring the civil rights claims he asserts via a habeas petition.  Such claims concern the conditions of his confinement and are not cognizable under § 2241.  Accordingly, I **RECOMMEND** the Court **DISMISS without prejudice** Mayer's civil rights claims.

II. **Leave to Appeal** *in Forma Pauperis*

The Court should also deny Mayer leave to appeal *in forma pauperis*.  Though Mayer has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order

of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Mayer's Petition, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Mayer *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **DISMISS without prejudice** Mayer's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Mayer *in forma pauperis* status on appeal.  I **DENY as moot** Mayer's Motions for Leave to Proceed *in Forma Pauperis* in this Court and his Motion to File Exhibits Under Seal.  Docs. 2, 4, 5.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and

Recommendation is entered.  Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Mayer.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 24th day of March, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA